AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

v.

Kevin Miller / aka Kenneth Miller
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   07-123 M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
   - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   - ☐ an offense for which the maximum sentence is life imprisonment or death.
   - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   clear and convincing evidence   a preponderance of the evidence: Defendant is charged with possession of a firearm by a prohibited person (a felon) in violation of 18 USC §§ 922 & 924. Defendant declined to be interviewed by Pretrial Services which is his right, but as a result no confirmation of defendant's residence, work history, family history and other information could occur before the detention hearing.

1. Defendant told WPD officers that he smoked MJ and that he laced the MJ with crack at the time of his arrest.
2. Defendant's criminal history began in 1995 as a juvenile when he was adjudicated delinquent for conspiracy 2d and receiving stolen property. As a juvenile, he then graduated to carrying a concealed deadly weapon in 1996 and had a FTA issued in 1997. In 1998 he was charged with possession of a non-narcotic substance in CCP for which 4 FTAs were issued between June 1998 and July 1999. For this offense he was evenatually discharged from probation in 2000. In June 1999, he was convicted of reckless endangering and conspiracy 2d. In May 2001, while on probation a VOP report was filed and he was discharged from probation in November 2001 as unimproved. The facts in that offense indicated that defendant fired several shots at a victim and into an occupied apartment. May 2001, he was charged with possession or delivery of cocaine w/in 300 feet of a park. In May FTA issued for final case review. November 2001 he pled guilty. In August 2002, VOP and probation revoked. This occurred again in April 2005. The facts of this case show that defendant attempted to hide 9 individual bags containing crack inside his underwear. August 2002, defendant convicted of tampering with evidence and possession of a controlled substance, sentenced to the Key Program and 2 years probation. In January 2005 VOP and probation revoked. In that offense defendant attempted to hide 9 bags of cocaine in his mouth. January 2005, defendant was convicted of possession with intent to deliver cocaine for which he was ordered to complete the boot camp diversion program. At the time of his present arrest, he was on probation for this offense.
3. In addition to the criminal history highlighted above, defendant has 9 FTAs and repeatedly has shown that he cannot abide by conditions of probation or pretrial release.

As a result there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

Further, defendant has had possession of the weapon involved in the present offense since 2004. Evidence against defendant to support these charges is substantial.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

*Defendant did not contest detention, but reserved the right to contest detention at a later date which was granted*

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

July 24, 2007
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).