*Filed in open Court this 7th day of May 2008*  nms.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 07-111-JJF |
| ) | |
| KWAN MILLER, a/k/a ) | |
| KENNETH MILLER ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Kwan Miller, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to a one-count Information, which charges him with possession of cocaine base in violation of Title 21, United States Code, Section 844(a). The penalties for Count One are a minimum term of imprisonment of at least 90 days up to three years imprisonment; a fine of at least $5,000 up to a fine of $250,000; one year supervised release; and a $100 special assessment. The parties stipulate that there has been no cost to the government in investigating and prosecuting this particular offense, and that the defendant is not subject to a further fine on that basis.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Information: (1) that the defendant knowingly or intentionally, (2) possessed, (3) a controlled substance (4) containing a mixture or substance containing cocaine base. In connection with this Memorandum, the defendant admits

that, on or about July 18, 2007, he knowingly and intentionally possessed cocaine base at his residence at 3000 N. Madison St. in Wilmington, Delaware.

3. The Government agrees to dismiss, at or about the time of sentencing, Counts One and Two of the Indictment in Criminal No. 07-111-JJF, each of which charges the defendant with possession of a firearm by a person prohibited, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

4. The Delaware Department of Correction, Office of Probation and Parole, has represented to the United States and to the defendant that, at or about the time of sentencing in this matter, it will dismiss the violation of probation petition filed in the Superior Court in and for New Castle County, in the State of Delaware (Case. No. 0411008124).

5. The defendant further acknowledges that he has reviewed the Information filed by the United States Attorney setting forth prior drug, narcotic, or chemicals offenses committed by the defendant. The defendant affirms that he was convicted:

    a. on January 25, 2005, of a felony drug offense in Superior Court in and for New Castle County, to wit, possession with intent to deliver a schedule II narcotic controlled substance; and

    b. on November 14, 2001, of a felony drug offense in Superior Court in and for New Castle County, to wit, distribution, delivery, or possession of a controlled substance within 300 feet of a park.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United

States agrees to recommend a two-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The United States will not oppose the defendant's request for a sentence of time-served, which is a sentence within the applicable Guidelines range. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be

modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

　　　　　　　　　　　　　　　　　　　　　　　COLM F. CONNOLLY
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

_____　　　By:　_____
Keir Bradford, Esquire　　　　　　　　　　　　Robert F. Kravetz
Attorney for Defendant　　　　　　　　　　　　Assistant United States Attorney


_____
Kwan Miller
Defendant

Dated: Apr/30, 2008

　　　　AND NOW, this ___7___ day of ___May_____ 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Hon. Joseph J. Farnan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge